Richard Mascall

*v.* .

The Commissioners of Drainage District.

*Filed at Ottawa November 11, 1887.*

1. Right of trial by jury—*on appeal from assessment under Drainage law.* A land owner, on appeal to the county court from an assessment, under section 27 of the Drainage act, approved June 27, 1885, is entitled to a trial by a jury, if he demands one, on the question whether his land will be benefited by the proposed improvement, and if so, as to its extent.

2. Same—*in the county court.* The practice and pleadings in all common law cases in the county court are made the same as in the circuit court in similar cases. In the trial of questions of fact in all common law cases in the latter court, either party is entitled to a jury.

3. Same—*in the county court at a probate term.* In this case the appeal from the drainage assessment was to a probate term of the county court, which is allowable under the statute, and it was contended that, as there was no jury at a probate term, it was intended the judge, alone, should try the case. But the point was not well taken. The statute expressly provides, that "the court shall have the power to impanel a jury in any case cognizable at the probate terms, as well as at the law terms, whenever it shall be necessary for the trial of any matter pending before the court."

Appeal from the County Court of Henry county; the Hon. John P. Hand, Judge, presiding.

The commissioners of the North Edwards Special Drainage District of Henry county, made an assessment upon the land of Richard Mascall, for drainage purposes. Mascall appealed to the county court, and in that court demanded a jury, which was refused. The case was tried by the court without a jury, and at a probate term.

The questions presented are, first, whether the land owner was entitled to a trial by jury on his appeal to the county court; and second, whether the fact that the appeal was to a probate term, would affect the question of the right of trial by jury at that term.

Mr. CHARLES K. LADD, for the appellant.

Messrs. DUNHAM & FOSTER, and Mr. A. R. MOCK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, whether the land owner is entitled to a jury, on an appeal to the county court, under section 27 of the Drainage act, approved June 27, A. D. 1885. (Public Laws of A. D. 1885, p. 87.) That section provides, that "any party against whose land a tax has been thus levied, may, within ten days after the list has been deposited with the town clerk, appeal to the county court, by filing a bond, in double the amount of tax appealed from, in the county clerk's office; but the appeal shall be upon the ground, only, that such tax is a greater amount than the benefits to accrue to the land in question by the proposed drainage. Appeals taken to the county court, under the provisions of this act, may be heard at any term thereof, * * * and trial shall be conducted as in other cases of appeals. If the court finds that the tax exceeds the benefits to accrue, the court shall modify the same, so as to make it equal to the benefits, and the costs may be apportioned by the court, in its discretion."

What is meant by the words, "and trial shall be conducted as in other cases of appeal?" Counsel for appellee contend that a jury is not embraced within their meaning, and counsel for appellant contends that it is. To our minds it is clear the meaning is, that the trial shall proceed through the same steps and in the same way as in other cases of appeal,—in other words, that the appeal shall be tried precisely as other appeals are tried. Whether a jury is allowed or denied, affects the conduct of the trial, because it affects the manner of deciding questions of fact. We can not perceive that refusing to allow witnesses to be heard, or requiring the case to be tried with or without written pleadings, would any more be within the mean-

ing of the word "conducted," in this connection, than is the
allowing or refusing a jury. It is to be kept in mind that a jury
is not a tribunal, but an element, simply, in a tribunal, and
where a jury is an element in a tribunal, its impaneling, ver-
dict, etc., are obviously but steps, and a part, only, of the steps,
as the rulings of the judge in receiving the verdict, overruling
motion for new trial, and rendering judgment upon the ver-
dict, are other steps in the conducting of the trial, in the only
sense in which, it would seem clear, the word "conduct" must
have application to a trial. In such case, it would seem, the
trial is conducted by the court by means or through the instru-
mentality of both judge and jury,—each performing, properly,
a function of the court in the trial.

This then leads to the inquiry : How is a trial conducted in
other cases of appeal to the county court ? All other cases of
appeal to the county court are to it as a law court. Its pro-
bate jurisdiction is all original. It is provided by section 7 of
the act in relation to county courts, approved May 21, A. D.
1877, (Laws of 1877, p. 77,) that the county courts shall have
concurrent jurisdiction with the circuit courts in all cases of
appeals from justices of the peace and police magistrates.
And section 177 (Rev. Stat. 1874, p. 343,) requires that the
practice and pleadings in said court, in common law cases,
shall be the same as in the circuit court in similar cases ; and
it can hardly be necessary to repeat, that in the trial of ques-
tions of fact, in all common law cases in the circuit court,
each party is entitled to a jury. (Const. 1870, sec. 5, art. 2 ;
*Ware* v. *Nottinger*, 35 Ill. 375 ; *Ross* v. *Irving*, 14 id. 171.)
The maxim is : "*Ad quæstionem facti non respondent judices—
ad quæstionem legis non respondent juratores.*" Broom's Legal
Maxims, (4th ed.) 103, *77 ; Coke on Littleton, 155 b.

But it is argued that because the language is, "if the *court*
finds that the tax exceeds the benefits, * * * the *court*
shall modify the same, * * * and the costs may be ap-
portioned by the *court*," a *jury* can not have been intended, for

a jury has no discretion only in some special cases as to the quantity of damages, and that what the word *court* means in one place, it means in each of the others. This might be true if every time a court acted it must necessarily employ the same agencies; but this it does not do. The word *court* is, undoubtedly, often used in the sense of *judge,* and whenever the word *court* and the word "*jury*" are used in contradistinction to each other, it has that meaning, but in its general sense it means the tribunal by which justice is judicially administered. (Coke on Littleton, 58 a.) Thus, our constitution provides: "The judicial powers shall be vested in one *Supreme Court, circuit courts, county courts,*" etc. (Sec. 1, art. 6.) *Circuit courts* shall have original jurisdiction of all causes in law and equity, etc. *County courts* shall be courts of record, and shall have original jurisdiction in all matters of probate, * * * and such other jurisdiction as may be provided for by law. (Secs. 12, 18, art. 6.) One *judge* shall be elected for each of the circuits. (Sec. 13, art. 6.) And there shall be elected in and for each county one county *judge.* (Sec. 18, art. 6.) The inviolability of the right of trial by jury, "as heretofore enjoyed," is guaranteed. (Sec. 5, art. 2.) But since all judicial power is invested in *courts,* it inevitably follows that a jury is an integral part of the court, in all cases where, at common law, there was the right of trial by jury.

It would then seem to be clear, that where, by this section, the *court* is required to act, it must depend upon the nature of the act what agency of the court is called into exercise. If it be to determine what is the fact on any question, the jury must act. If it be to declare what, in any case, is the rule of law, or what is the legal conclusion from facts found, the *judge* must act. But the finding of fact is just as much the act of the court, if permitted to stand, as is the legal conclusion thereon pronounced by the judge. Each is an indispensable part of a legal unit,—the judgment of the court. So, here, the jury must find the fact whether the property is benefited

or not, and, if benefited, the amount. The amount of the tax assessed by the commissioners is not in issue,—their order fixing it. The judge then pronounces the conclusion of the law upon the verdict of the jury,—in other words, renders judgment thereon; if the verdict is that there are no benefits, then that no tax be assessed against appellant's lands; if it is that there are benefits, then that a tax be assessed against appellant's lands to the amount of such benefits, in no case exceeding, however, the amount of the tax assessed by the commissioners, and also that the costs be paid, as shall be equitable. Each step will thus be the act of the court, and meet the requirement of the statute.

It is further objected by counsel for appellees, that inasmuch as the appeal allowed is to any term of the county court, it may be to the probate term, at which there is no jury, and therefore it must have been intended that the judge, alone, shall hear the case. But the statute expressly provides, that "the court shall have the power to impanel a jury in any case cognizable at the probate terms, as well as at the law terms, whenever it shall be necessary for the trial of any matter pending before the court." (Rev. Stat. 1874, chap. 37, sec. 111.) The language of the statute in relation to applications for judgments for delinquent taxes is not analogous. That is an original, not an appellate, proceeding, and the statute gives full directions for the determination of the matter in a summary manner, and, by necessary implication, excluding the idea of a trial by jury. See sec. 191, *et seq.* of the Revenue act, Rev. Stat. 1874, p. 889.

We can not suppose that the General Assembly were in any degree influenced by a fear of the evils which counsel depict as likely to result from this construction, because precisely the same evils would result from the trial by jury of the same questions in special assessments for the improvement of streets, etc.; and yet, in such special assessments, the statute in express terms provides for impaneling a jury to pass upon the

question of benefits. (Rev. Stat. 1874, sec. 31, *et seq.* p. 236.) So, also, under the Eminent Domain act, the question of damages and benefits is to be passed upon by a jury. Rev. Stat. 1874, p. 475.

If we felt any doubt upon this question, that doubt would be solved in favor of submitting the question of the amount of benefits, under the section before us, to a jury, because that construction best comports with the genius and spirit of our institutions.

The judgment is reversed and the cause remanded for a trial *de novo,* in conformity with the views here expressed.

*Judgment reversed.*