# City of Huntsville *v.* Pulley.

## *Special Street Assessment.*

(Decided April 9, 1914. Rehearing denied June 4, 1914.
65 South. 405.)

1. *Jury; Trial by; Improvement Assessment; Appeal.*—Under sections 1389, 1394, Code 1907, and under the state's known policy of making the jury an indispensable constituent to the court in the trial of all issues of fact, with certain exceptions, the court properly submitted to the jury to determine the disputed issues of fact growing out of the street assessment; although the word "court" is often used to designate the presiding judge as distinguished from the jury, yet ordinarily the term "court" designates the tribunal itself, including its constituent parts of judge and jury.

2. *Municipal Corporation; Public Improvement; Assessments; Supplementary Proceedings.*—Where a municipal corporation makes and confirms a settlement, not void on the face of the proceeding, its power is exhausted, and it cannot proceed by supplementary actions to a new assessment; and even where the record shows vital jurisdictional defect and the defendant owner has appeared and waived them, as he may do, by contesting the assessment only as to its propriety in fact, and final assessment made and objection overruled, a re-assessment is a nullity.

3. *Same; Res Judicata.*—Under sections 1389, 1398, Code 1907, Circuit Courts acquire jurisdiction of the whole matter when an appeal is taken to them, in such a sense as to suspend all further proceedings by the municipality; hence a re-assessment made after such appeal, to which no objection was interposed, was not res judicata and not binding upon defendant.

4. *Same; Evidence; Value.*—Where the question was whether property had been either damaged or benefited, by the street improvement, the proper form of the inquiry should be as to its value before and after the improvement, and a witness cannot be asked to state generally whether it has been damaged; it was, therefore, improper to permit an owner on an appeal from a municipal assessment for public improvement to ask his witnesses whether his property had been enhanced in value by the improvement.

5. *Same; Appeal; Assessment; Evidence.*—Where the appeal is from a municipal assessment on the ground that the improvement had not enhanced the value of defendant's property, the guarantee of the paving contractor incorporated in their contract that the payment would be in as good condition after five years as when laid was irrelevant.

6. *Same; Evidence; Benefits.*—The evidence examined and it is held that it cannot be said as a matter of law that the paving materially enhanced the value of the property.

7. *Appeal and Error; Harmless Error; Evidence.*—Where it clearly appeared that the witnesses were stating their conclusions with specific reference to antecedent and subsequent value, or where the question and answer spoke solely to the absence of any damage or benefit, it was harmless error to permit the witnesses to state whether the property had been enhanced in value by the improvement.

8. *Trial; Objections to Evidence; Waiver.*—Where no objection was seasonably made, any question as to the competency of experts on the enhancement of the value of the property by a public improvement, was waived.

APPEAL from Madison Circuit Court.

Heard before Hon. A. H. ALSTON.

The City of Huntsville made certain assessments against the property of Georgia A. Pulley, for benefits accruing from street improvements. Pulley appealed from the judgment of the city council to the circuit court where a judgment was had for defendant, and the municipality appeals. Affirmed.

DAVID A. GRAYSON, for appellant. Section 1394 provides that the court shall hear and determine all objections, and the court was in error in requiring a submission of that matter to the determination of the jury. —*Boring v. Williams,* 17 Ala. 510; *Times v. State,* 26 Ala. 165; *Thomas v. Bibbs,* 44 Ala. 721; 94 Am. St. Rep. 727; 46 Am. Rep. 513; 1 Page & Jones, 321. All objections not urged in the municipal proceedings are waived. —*Garner v. City of Anniston,* 59 South. 654; *City of B'ham. v. Wills,* 59 South. 173; 9 A. & E. Enc. P. & P. 619; 24 A. & E. Enc. of Law, 833. The court erred in sustaining demurrers to the plea of res judicata.—*McDougall v. Rutherford,* 30 Ala. 253; *McDougall v. Dalton,* 30 Ala. 553; *Davis v. Bledsole,* 69 Ala. 362. It is not admissible for a witness to give his opinion about the very thing which the jury is to determine, and the court erred in permitting proof of the value of the property in the opinion of the witness.—*Council v. Mayhew,* 55 South. 314; *City of B'ham v. Wagensaler,* 53.

South. 289; *Chandler v. Bush,* 84 Ala. 102. The real test is the difference between the market value of the property before and after the work had been done, and it was not competent to ask the witness if they did not believe that the property had been decreased in value by reason of the improvements.—*Minnice v. Jeter,* 65 Ala. 229. As to other assignments of error relative to the admission and exclusion of evidence counsel relies upon *City of Eutaw v. Botnick,* 150 Ala. 329. An expert witness must base an opinion upon the facts proven at the trial.—12 A. & E. Enc. of Law, 459.

S. S. PLEASANTS, for appellee. There was no error in overruling the motion or objection of the city to the action of the court in submitting the disputed issues of fact to the jury for determination.—*Garner v. City of Anniston,* 59 South. 658; 8 A. & E. Enc. of Law, 23. The court did not err in striking the paper filed by the city setting up a supplemental or subsequent assessment.—*Allen v. Allen,* 80 Ala. 154; *Wright v. N. E. M. S. Co.,* 127 Ala. 213; *So. Ry. v. B. S. & N. O. R. R. Co.,* 131 Ala. 663; 108 U. S. 292. The same is true of the plea of former adjudication. The jurisdiction of the circuit court had attached, and the municipal authorities could take no further steps.—2 A. & E. Enc. of Law, 327. There was no error in the admission of evidence, or if error is without injury.—*A. G. C. & I. Co. v. Turner,* 145 Ala. 639; *So. Ry. v. Morris,* 143 Ala. 628; *Ward v. Reynolds,* 32 Ala. 384; *Meigham v. B'ham T. Co.,* 165 Ala. 591.

SOMERVILLE, J.—Section 1389 of the Code gives, to any one aggrieved by the decision of the municipal council in making an assessment for public improvements, the right of appeal to the circuit court, or other courts of like jurisdiction.

Section 1394 provides that such appeal "may be tried on the record without other pleadings, and the court shall hear all the objections" to the assessment, and shall determine whether it exceeds the increased value due to special benefits derived from the improvement, "and shall render judgment accordingly."

The word "court" is often used to designate the head of the tribunal in the person of the presiding judge, as contradistinguished from the jury. Ordinarily, however, it is used to designate the tribunal itself, including its constituent parts of judge and jury, where it is thus regularly constituted by law. See the definitions collected in 2 Words & Phr. 1678, 1679, and in 11 Cyc. 656, note 10. Whether is it used restrictively or generically in any particular instance must be determined upon a consideration of subject-matter, context, and the general policy of the law.

There is nothing in the language of the statutes above quoted which expressly indicates a legislative intention that these assessment cases shall or shall not be tried as other cases are tried in jury courts where issues of fact are presented. Nor does the language of other statutes, which give original or appellate jurisdiction to such courts with respect to matters not within their common-law jurisdiction, and not subject to the constitutional guaranty of trial by jury, throw any clear light upon the legislative intention as to the mode of trial to be observed on assessment appeals under section 1389, for sometimes they expressly provide that the trial shall be by jury, and sometimes "by the court without the intervention of a jury," and again only that the trial shall be de novo. See sections 2423 and 3909 (eminent domain); sections 2148 and 2378 (general and franchise tax assessments); section 5458 (quo warranto); sections 468 and 470 (election contests); and sections

4720 and 4722 (appeals from justice of the peace courts. In a case involving an assessment appeal statute very like ours, the Illinois court held that "court" included "jury" whenever a jury's peculiar functions were involved. The analysis of the subject by Scholfield, C. J., is worthy of reproduction:

"It would then seem to be clear that, where, by this section, the court is required to act, it must depend upon the nature of the act what agency of the court is called into exercise. If it be to determine what is the fact on any question, the jury must act. If it be to declare what in any case is the rule of law, or what is the legal conclusion from facts found, the judge must act; but the finding of fact is just as much the act of the court, if permitted to stand, as is the legal conclusion thereon pronounced by the judge. Each is an indispensable part of a legal unit, the judgment of the court. So here the jury must find the fact whether the property is benefited or not, and, if benefited, the amount. * * * The judge then pronounces the conclusion of the law upon the verdict of the jury; in other words, renders judgment thereon. * * * Each step will thus be the act of the court and meet the requirement of the statute."—*Mascall v. Drainage Commissioners,* 122 Ill. 620, 14 . E. 47.

Under our judicial polity, the jury is an indispensable constituent of a circuit court, and must try all issues of fact unless dispensed with by the parties litigant, except in appeal cases where the amount involved is less than $20. It has been the clear policy of our people, as exemplified by Constitutions and statutes, to submit all issues of fact in courts of law to the verdict of a jury, even where the Constitution does not so require. And hence, though we might concede the obscurity of the legislative purpose in the statutes under consideration, we

think it is a sound rule of construction to hold that when original or appellate jurisdiction of any cause is vested by law in jury courts, and trial by jury is not plainly inhibited, a jury must be impaneled and a verdict rendered thereon, as in ordinary cases, unless a jury trial is waived by the parties. This rule is certainly in accord with the spirit of our laws, and the genius of our government. We therefore hold that the circuit court did not err in submitting this cause to a trial by jury.

The plaintiff, the city of Huntsville, offered to prove by the record evidence that after the appealed assessment had been finally confirmed by the council, and pending this appeal therefrom, the new city commission met on May 7, 1912, and, pursuant to previous notice given by newspaper publication of an assessment roll fixing the several assessments for this improvement in due form, confirmed a reassessment made on April 10, 1912, against the property of the defendant, in the sum of $1,480.99.

The original assessment was made on July 18, 1911, and this later assessment of May, 1912, appears to have been founded upon the same initial ordinance and proceedings down to the making of the assessment roll, at which point the supplementary proceeding was begun. It does not appear that the original assessment of July, 1911, was ever vacated by the city, and the defendant, Mrs. Pulley, did not appear and make any objection to the assessment of May, 1912. The theory of the city is that this reassessment operated as a res judicata, and, being shown in evidence, was binding upon the defendant and conclusive of the issue presented to the circuit court on this appeal. In support of this theory we are referred to the rule of procedure that a plaintiff may maintain and prosecute to judgment any num-

ber of suits on the same cause of action, in the absence of a plea in abatement setting up the pendency of the first suit, or a plea of res judicata showing a prior judgment. The analogy, however, wholly fails, and the theory here propounded is entirely unsound.

When the municipal body makes and confirms an assessment which is not void upon the face of the proceedings, its authority is exhausted, and it cannot proceed by supplementary action to a new assessment. It is clear, we think also, that even when the record shows vital jurisdictional defects, if the defendant property owner has appeared and waived them, as he may do, by contesting the assessment only as to its propriety in fact, there can be no occasion for reassessment by the municipal body after the objection is overruled and final assessment is once made, and hence a reassessment would be a mere nullity. See Page & Jones on Tax. by Ass'mt. §§ 960, 965, 966, 1027; *Garner v. Anniston,* 178 Ala. 430, 59 South. 654; *Birmingham v. Wills,* 178 Ala. 198, 59 South. 173; Code, § 1381.

And, when an appeal has been taken under the statute, the circuit court acquires jurisdiction of the whole matter in such sense as to suspend all further proceedings by the municipal body.—Page & Jones on Tax. by Ass'mt. § 1360. It is to be observed that the two assessments here to be exhibited are not founded on separate actions, but on the same initial proceedings, nor can the ordinary rules that govern actions between adversary suitors be applied. Here the municipal body is both adversary party and court, and its action is administrative as well as judicial, and its authority in either capacity is strictly limited. It is obvious that the right to appeal and invoke the judgment of the circuit upon municipal assessments would be both a delusion and a snare, and that the jurisdiction of that court would be

reduced to impotence and futility, if, upon each appeal taken, the city could proceed at once to the making of a new assessment for the same improvement. Such a practice would be conducive to oppression, and would in effect nullify the right of appeal given by the statute.

In the recent case of *Pierce v. City of Huntsville*, 185 Ala. 490, 64 South. 301, it was said that the pendency of a certiorari proceeding in the circuit court, for the purpose of reviewing the assessment record and pronouncing upon its validity, was not a bar to supplementary proceedings by the city after the original assessment. But jurisdiction by common-law certiorari for its strictly limited purpose is quite different from the full jurisdiction of the entire cause acquired by an appeal under these statutes; and hence that case has no bearing upon the present question.

We hold that there was no occasion in this proceeding for the filing of a "plea of res judicata" by the plaintiff city, and that the evidence of a reassessment was properly rejected.

The defendant was allowed to ask several of her witnesses whether her property had been enhanced in value by reason of the improvement in question. It may be conceded that, where the question is whether property has been either damaged or benefited, the proper form of inquiry, if specific, should be as to the value of the property before and after the damnifying or benefiting act has taken effect.—*Town of Eutaw v. Botnick*, 150 Ala. 429, 43 South. 739. Accordingly it has been held that a witness cannot state the amount certain land has been damaged by reason of building a railroad through it.—*M. & W. P. R. R. Co. v. Varner*, 19 Ala. 185; *A. & F. R. R. Co. v. Burkett*, 42 Ala. 83. It has also been frequently held that a witness cannot state generally that property has been damaged.—*Sloss, etc., Co. v. Mitchell*, 181 Ala. 576, 61 South. 934, and cases cited.

But, where it clearly appears that the witness is stating such a conclusion with specific reference to antecedent and subsequent values, the allowance of the conclusion would be harmless, and hence nonreversible error. —*S. L. & S. F. R. R. Co. v. Cash Grain Co.*, 161 Ala. 332, 50 South. 81; *Johnson v. State*, 37 Ala. 459. We think also that, when the question and answer speak solely to the absence of any damage or benefit, common sense must reject the notion that the opposite party could be prejudiced by the failure of the witness to state formally what the value was before and after, instead of stating simply and directly that it remained the same. In this connection it is but proper to observe that appellate courts are no longer reversing judgments because of the allowance of questions and answers that are variant only in form, and are clearly good in substance and effect.

The defendant's witnesses appear to have been sufficiently qualified to testify to the value of the property, and, in any case, no objection was seasonably made to their competency by the plaintiff.

On his own testimony, the witness Smith was not competent to say as an expert what would be the life of the street pavement, and his opinion was properly excluded.

The guaranty of the pavement contractors, incorporated in their contract with the city, that the pavement would be in as good condition after five years as when laid was not relevant to the value of the improvement to the property of abutting owners, and was properly rejected.

It is indeed surprising that with respect to any modern town or city, and under conditions not shown to be abnormal or peculiar, the conclusion could be reached by either a judge or a jury that residence property on a

residence street has not been benefited at all in value by the paving of the street with any of the standard materials in common use for that purpose. In this case five witnesses, four of whom were experienced real estate dealers, testified for the city that the paving in question had enhanced the defendant's property to the extent of about $5 or $6 per front foot; its frontage being 438 feet. On the other hand, five witnesses, who professed acquaintance with the street and property, testified for the defendant that her property was not enhanced in value at all by reason of the improvement, and the jury so found by their verdict.

We would not feel safe in declaring as matter of law, in view of these conflicting opinions, that the defendant's property was materially enhanced in value as the result of paving the street with "granitoid block"; and hence we cannot affirm that the motion of the city for a new trial was improperly overruled.

There being no prejudicial error shown by the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.