(122 So. 405)

### KING et al. v. HOLTAM. (6 Div. 373.)

Supreme Court of Alabama. May 2, 1929.

Rehearing Denied May 30, 1929.

R. Du Pont Thompson and Walter S. Smith, of Birmingham, for appellants.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellee.

ANDERSON, C. J.  This court has several times held that, when a jury is demanded under section 8597 of the Code of 1923, the party so demanding cannot withdraw such demand without the consent of the opposite party. It has also been held that when a jury is so demanded, it is error for the court to execute a writ of inquiry without a jury, even where there was a judgment by default. Ewart-Brewer Motor Co. v. Cunningham, 213 Ala. 391, 104 So. 789, Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253. We find no case, however, holding that it is error for the judge or court to render a judgment by default without the aid of a jury, and do not think that the default judgment, as distinguished from the execution of a writ of inquiry, must be by a jury even though one has been demanded. Indeed, the cases cited let the judgment by default stand and reversed the case solely for the execution of the writ of inquiry as to the assessment of damages by a jury.

The judgment in question is not void, and the trial court did not err in overruling the appellants' motion to vacate same, and the judgment of the circuit court is affirmed.

The appellants have accompanied the appeal with a petition for a writ of mandamus, this upon the evident idea that if the judgment was void it would not support an appeal and mandamus was the appropriate remedy for a review; but, as the judgment is not void, the appeal presents the same for review, and the mandamus is denied.

Affirmed, and mandamus denied.

SAYRE, THOMAS, and BROWN, JJ., concur.