## Smith et al. v. Selligman et al.
(Decided Oct. 5, 1937.)

EUGENE MOSLEY, Jr.; and ALLEN P. DODD for appellants.

MARK BEAUCHAMP and LAWRENCE S. POSTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Al. M. Smith and John B. Smith, partners doing business under the firm name of Gran W. Smith & Sons, owned and operated an undertaking establishment at 1029 South Sixth street, in the city of Louisville. On October 2, 1936, they applied to the proper authorities of the city for a permit to establish their business at 1359 South Third street, in Louisville. The application was refused by the building inspector, and also by the Board of Adjustment and Appeals, to which an appeal was prosecuted. On November 11, 1936, and after the decision of the board, the Smiths paid $200 for a one-year option to purchase the property at 1359 South Third street for $15,000. Within the required time the

Smiths filed in the Jefferson circuit court their petition for a review of the decision of the board. Though of the opinion that the action of the board was valid, the court dismissed the petition on the ground that the Smiths from the very beginning had no such property right as entitled them to maintain the proceeding either before the board or in the court. The Smiths have appealed.

The statute authorizes appeals to the Board of Adjustment and Appeals "by any person aggrieved," and also provides that "any person or persons jointly or severally aggrieved by any decision of the board of adjustment and appeals * * * may present to the circuit court of the county, a petition, duly verified, setting forth that such decision is illegal," etc. Ky. Sts. sec. 3037h-122. Clearly one whose application for a permit is refused is "aggrieved" within the meaning of the statute, and, though he may not be entitled to any relief, he may by appeal challenge the action of the board as well as the action of the circuit court.

Taking up the case on the merits, it may be stated at the outset that zoning ordinances enacted pursuant to statutory authority are generally upheld, Village of Euclid, Ohio, v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Fowler v. Obier, 224 Ky. 742, 7 S. W. (2d) 219; and we do not understand that appellants are contending that the ordinance in question, or any provision thereof, is invalid as applied to them. On the contrary, attention is called to the fact that among the powers conferred on the Board of Adjustment and Appeals by the statute, section 3037h-122, is the power "(c) to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, the enforcement of the provisions of the ordinance will result in unwarranted hardship and injustice, but which will most nearly accomplish the purpose and intent of the regulations of the zoning plan, * * *" and the sole question, as stated by appellants, is whether or not the establishment of a funeral home at the place in question is contrary to the public interest, and the action of the board in denying the application worked an unwarranted hardship and injustice? By the zoning ordinance business is prohibited in the various districts unless permitted. The particular block is placed by the zoning ordinance in an

apartment district, and the district is strictly residential in character. No case of unjust discrimination is presented. It is true that there are now two funeral establishments in the block in question, but they were there before the zoning ordinance was passed. On the other hand, appellants acquired their option on the property and applied for a permit years after the enactment of the ordinance. Clearly the difference in circumstances is sufficient to authorize a different ruling as to appellants.

We come then to the question whether the special conditions were such as to require the board to vary the terms of the ordinance in favor of appellants. The statute authorizes the board to make such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, the enforcement of the provisions of the ordinance will result in unwarranted hardship and injustice. In the determination of this question the board is vested with a wide discretion, and the courts will not interfere with that discretion unless abused. Fowler v. Obier, supra. Appellants are now conducting their business on Sixth street. The city is divided into eleven districts, and, if appellants are not satisfied with their present location, there are seven districts in which funeral homes may be conducted. Manifestly the situation of appellants is like that of every other business concern not already located in the district in question, and to permit them to conduct their business in that district would open wide the door and permit every other business to do the same thing, and thus nullify the zoning ordinance. It is clear that in refusing to make an exception of appellants there was no abuse of discretion on the part of the Board of Adjustment and Appeals.

Judgment affirmed.