## STOUT et al. v. JENKINS et al.

Court of Appeals of Kentucky.

May 21, 1954.

Andrew W. Duncan, Herman E. Frick, Louisville, for appellant.

James L. Taylor, Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

COMBS, Justice.

The circuit court affirmed an order of the Jefferson County Board of Zoning Adjustment and Appeals which permits the construction of a building 14 feet closer to the road than the building line established by the planning and zoning regulations. Certain citizens of the area, the town of Indian Hills, and the Second Presbyterian Church appeal.

We accept appellants' statement of facts. The parcel of land which is the subject of the controversy is on U. S. 42, the road to Cincinnati, a little less than a mile east of the Louisville city limits. The lot is triangular in shape, being bounded by U. S. 42 on the south, Chenoweth Lane on the east, and old Brownsboro Road on the northwest. The dimensions of the lot are 566 by 186 by 507 feet. The property is zoned commercial. The surrounding area is residential except for a small tract which has been reserved as a church site.

U. S. 42, opposite the lot, has a 100 foot right-of-way. The concrete portion of the road is 42 feet wide. The master plan of the County Planning and Zoning Commission was adopted in contemplation of the ultimate widening of the highway right-of-way to 160 feet. The Commission's regulations require a setback of 25 feet from the edge of the proposed right-of-way, or 55 feet from the edge of the present right-of-way.

The Dahlem Construction Company applied to the Zoning Commission for a variance of 14 feet from the setback regulation so as to permit the construction of two buildings on the lot 14 feet closer to the proposed highway right-of-way than the zoning regulations permit. The variance was granted on the ground that to deny it would result in unwarranted hardship.

The Zoning Commission's order is based on KRS 100.082, which provides for a variance:

"* * * To relieve difficulties or hardships in cases when and where, by reason of exceptional narrowness, shallowness, or shape of a specific piece of property * * * or by reason of exceptional topographical conditions or other extraordinary and exceptional situations or conditions of such piece of property, the strict application of such regulation or restriction would result in peculiar and exceptional practical difficulties to, or exceptional hardship upon, the owner of such property."

The appellants argue that the order of the Zoning Commission is invalid on several grounds. All of the grounds, except those of a technical nature, which will be discussed later, amount to the charge that the action of the Commission is arbitrary and not supported by the law or the facts. We cannot agree with this argument. Under the circumstances shown, the question of hardship is a question of fact. The Zoning Commission has broad discretion in matters of this sort and this court is not authorized to substitute its judgment for the judgment of the Commission. We have held in recent cases that unless the action of the Zoning Commission is so arbitrary as to amount to a clear abuse of discretion this court will not interfere. Fried v. Louisville & Jefferson County Planning & Zoning Commission, Ky., 258 S.W.2d 466; Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018. Also see Yokley, Zoning Law & Practice, section 164, page 323.

Appellants raise the point that the application for the variance was filed by the Dahlem Construction Company rather than by the owner of the lot. The owner lives in Oklahoma. The construction company intends to construct the buildings and it is clear from the record that the application was filed by it as agent of the owner. No prejudice to the rights of appellants is shown. Moreover, appellants could have made the owner a party to their appeal in circuit court and having failed to do so they waived the irregularity.

Appellants also contend that the notice of the hearing before the Zoning Commission was defective in that it was not published in a newspaper as provided by KRS 100.076. The answer to that contention is that the application for the variance was filed under KRS 100.082 and not KRS 100.076. As we construe KRS 100.082, it does not require newspaper notice of the application. It is shown by the record that notice of the application for the variance was given by posting notices on the lot in question as provided by the regulations of the Zoning Commission. Also, it is apparent that the interested parties had actual notice of the application. This is sufficient.

The contention that the application was defective because of the manner in which it was signed is of such minor nature as not to require discussion.

The constitutionality of the master plan of the Zoning Commission is not in issue here and we express no opinion on that question.

The judgment is affirmed.