Maria **ESPARZA**, Eudesimo Arteaga, **Reyes Nunez-Ortega, and Bahman Zanjani, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

Ruben **VALDEZ, Executive Director, Colorado Department of Labor; John Kezer, Director, Division of Employment and training, and Industrial Commission of Colorado, (Ex-Officio the Unemployment Compensation Commission), in their official capacities, Defendants.**

**Civ. A. No. 84–M–1180.**

United States District Court,
D. Colorado.

June 25, 1985.

Order Amending Order July 5, 1985.

Margaret Gleason, David Steinhoff, Colorado Rural Legal Services, Inc., Denver, Colo., for plaintiffs.

Christa D. Taylor, Asst. Atty. Gen., Denver, Colo., for defendants.

Richard K. Willard, Allen W. Hausman, Office of Immigration Litigation—Civil Division, Dept. of Justice, Washington, D.C., James W. Winchester, Asst. U.S. Atty., Denver, Colo., amicus curiae.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The plaintiffs in this civil action are citizens of countries other than the United States. They claim that the Colorado Department of Labor has illegally denied and requested repayment of unemployment insurance benefits to which they are entitled under federal law. The plaintiffs seek declaratory and injunctive relief for themselves and for others similarly situated. The plaintiffs filed a motion for class certification pursuant to F.R.Civ.P. 23(a) and (b)(2), and they moved for a preliminary injunction. The class certification question was deferred and the preliminary injunction motion was heard on December 6, 1984, at which time evidence was taken. Following the hearing, the plaintiffs moved for final determination of the issues on the basis of that hearing. The parties have filed extensive briefs, and the United States Immigration and Naturalization Service ("INS") was granted leave to file a brief amicus curiae.

The unemployment compensation program is a cooperative federal-state effort to provide financial assistance for unemployed workers. 42 U.S.C. §§ 501–504 (1983) provides for federal funding for unemployment compensation programs with certain requirements for states to be eligi-

ble for such funding. 26 U.S.C. §§ 3301–3311 (1979 and 1984 supp.) imposes a duty on states to tax employers at prescribed rates to establish a fund for the payment of benefits to eligible workers. In 1976, Congress amended the Federal Unemployment Tax Act ("FUTA") by adding subsection (a)(14) to 26 U.S.C. § 3304. That new subsection directed the states to include laws forbidding the payment of unemployment compensation to aliens unless the alien met certain immigration status requirements. The federal statute now reads as follows:

> compensation shall not be payable on the basis of service performed by an alien unless such alien is an individual who was lawfully admitted for permanent residence at the time such services were performed, was lawfully present for purposes of performing such services or *was permanently residing in the United States under color of law at the time such services were performed (including an alien who was lawfully present in the United States as a result of the application of the provisions of section 203(a)(7) or section 212(d)(5) of the Immigration and Nationality Act.)*

26 U.S.C. § 3304(a)(14) (emphasis added).

The central issue in this case is the legal interpretation to be given to the underscored language which is common to both the state and federal statutes. The plaintiffs contend that the language and legislative history support the conclusion that entitlement to benefits may be earned by any aliens whose presence in the United States is known to the INS and that agency has acquiesced in the continued residence of the worker by some action or inaction. The INS, in its amicus brief, urges a very restrictive interpretation, limiting the category to aliens who have a lawful immigration *status*—conditional entrants, refugees and certain parolees. Essentially, coverage would be provided only to those who fall within the explanatory parenthetical in the statute. The defendants agree with the INS' position but also recognize that "color of law" is an indefinite phrase often used to permit consideration of individual cir-

cumstances. Accordingly, the defendants make the following suggestion at page 15 of their brief:

> The broadest possible construction which could be given to this phrase consistent with legislative intent and case law, would make eligible those aliens who, after review of their particular factual circumstances pursuant to a specific statutory or regulatory procedure, have been granted an immigration status which allows them to remain in the United States for an indefinite period of time.

■ That suggested construction is consistent with the language of the act, the legislative history, and the complexity of the policy considerations involved. The determination of what persons shall be admitted to the United States for what purposes are matters which are fundamental questions of national sovereignty, and these are peculiarly questions of federal law. The Congress has enacted a complex set of statutes on the subject and has created the INS as an agency with broad powers, both regulatory and adjudicatory. The Supreme Court has recently recognized the importance of giving due deference to the INS in alien matters. *Immigration and Naturalization Service v. Rios-Pineda*, —— U.S. ——, ——, 105 S.Ct. 2098, 2103, 85 L.Ed.2d 452 (1985). What appears clear to this court is that in amending FUTA, Congress recognized the many ways in which an alien may have some status to continue indefinite residence in the United States as a result of statute, regulation or adjudicative proceedings, where that status does not fall within some classification which could be the basis for statutory reference in defining the exclusion from coverage for unemployment benefits.

The case emphasized by the plaintiffs is illustrative of the point. *Holley v. Lavine*, 553 F.2d 845 (2d Cir.1977), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978). There, the INS informed a Canadian citizen with six American citizen children that she would not be deported at least until her children are grown. That

discretionary act by the INS gave "color of law" to her status as a resident of the United States.

Adoption of the plaintiffs' position would seriously erode the government's ability to deal with the problem of illegal aliens. It would permit any alien, without regard to the legality of his entry, to obtain a job, make his presence known to the INS by the filing of some application, and, in the absence of deportation, claim that his residence was "under color of law." Congress has not indicated an intention to place such persons into the unemployment compensation benefits program.

█ Jurisdiction in this case depends upon the plaintiffs' common claim to the broad construction of the statute. If color of law is given the meaning which plaintiffs urge, then all of the plaintiffs and the class they seek. to represent would come within it, and injunctive relief should be granted. The adoption of the state's alternative suggestion gives a different result. While the plaintiffs' claim has presented a case or a controversy requiring interpretation of federal law under 28 U.S.C. § 1331, and presents a claim for relief under 42 U.S.C. § 1983 for the denial by the state officials of benefits to which the plaintiffs claim entitlement under federal law, the court's more limited construction of the statute requires individual consideration of the status of each applicant. That is a matter to be decided under the adjudicative processes provided by statute and regulation. Here none of the plaintiffs have alleged that they have been injured by state officials because of a violation of the federal statute as interpreted by this court, i.e. that a state administrative tribunal, after a review of the factual circumstances of each case, denied unemployment benefits during a period in which plaintiffs held an immigration status which allows them to remain in the United States indefinitely. This court under § 1983 has jurisdiction to review actions of persons operating under color of state law; it has no power to conduct a de novo review of the immigration status of the individual plaintiffs. It is the view of this court that there is no basis for an award of attorney's fees to any party to this action.

Upon the foregoing, it is

ORDERED, that the court declares that the correct construction of the disputed phrase "was permanently residing in the United States under color of law at the time such services were performed (including an alien who was lawfully present in the United States as a result of the application of the provisions of section 203(a)(7) or section 212(d)(5) of the Immigration and Nationality Act," is that the phrase makes eligible those aliens who, after review of their particular factual circumstances pursuant to a specific statutory or regulatory procedure, have been granted an immigration status which allows them to remain in the United States for an indefinite period of time. And it is,

FURTHER ORDERED, that plaintiffs' motions for class certification, for leave to amend the complaint, to supplement the complaint, and to add or join party plaintiff Consuelo Sandoval are denied, and it is

FURTHER ORDERED, that determinations of eligibility are individual adjudicative decisions which must be made pursuant to the established processes which do not involve this court, and that, therefore, the individual claims for injunctive relief are denied, without prejudice to the merits of their claims, and it is

FURTHER ORDERED, that the Clerk of this court shall forthwith enter a final judgment as a declaratory judgment interpreting the subject statute, and dismissing the plaintiffs' claims without prejudice.

## ORDER AMENDING ORDER AND JUDGMENT

Pursuant to the plaintiffs' motion of July 3, 1985, to alter or amend judgment, and it appearing that an inadvertent error was made in the order and the judgment following this court's Memorandum Opinion and Order of June 25, 1985, it is now

ORDERED, that the order in such Memorandum Opinion and Order is amended to

provide that the declaratory judgment include "or adjudicative proceedings," and in all other respects the Motion to Alter or Amend Judgment is denied.