This is an appeal from the granting of a motion for involuntary dismissal.
The Marenos applied to the Board of Adjustment for authority to use their residence as a law office. The residence, on Dauphin Street in the city of Mobile, is zoned R-3, multi-family dwellings, and the petitioners wish to use it as B-1 property, buffer business district. The latter is usually an office type area located between residential and business areas.
The Board of Adjustment denied the use variance, and petitioners appealed to the circuit court for a trial de novo.
On trial in the circuit court, after petitioners presented their evidence, the trial judge granted the opposing property owner's motion for directed verdict. As this was a nonjury trial, we will construe this motion as a motion for dismissal under Rule 41 (b), Alabama Rules of Civil Procedure. Chaney v.General Motors Corp., 348 So.2d 799 (Ala.Civ.App. 1977). The only evidence presented was that presented by petitioners.
The evidence reveals that the house was built in 1938 and purchased by the Marenos in 1955. It served as the family home until 1980. Mr. Mareno died in 1978, and Mrs. Mareno moved to a nursing home in 1980.
Mrs. Mareno and her son, G. Wildon Mareno, are the parties seeking the use variance. *Page 1111 
The house has been vacant since 1980. The house was appraised and placed on the market for sale in 1981. There have been about twelve negotiations for sale since that time, but all failed to be consummated due to price, terms of payment, or loss of interest. The house has been the victim of vandalism on several occasions. Repairs were made to the house in an attempt to sell it, and it is now in need of painting and other repairs. The house is an eight-room, two-story brick home.
On the east side of the house is a twenty-eight unit apartment building, and on the west side is the residence of John L. Moore III, the opposing property owner. Both sides of Dauphin Street are zoned R-3. On the north side of the street, in the three blocks opposite the subject property, are located a gasoline station, a marine consultant office, two realty offices, a doctors' office, Process Specialties office, and the law office of Patrick Sigler. Patrick Sigler has agreed to purchase the Mareno property if the instant use variance can be obtained.
These offices and businesses existed when the zoning ordinance was adopted or located in the area after being granted a use variance. In the blocks to the east and west of the subject property are numerous offices and businesses.
The neighborhood is characterized as a changing neighborhood. The proposed purchaser plans to keep the character of the house the same and to comply with the requirements of the Old Dauphin Way Architectural Review Board.
The evidence further showed that, although the property could still be used as a residence under the present zoning classification, it could be converted to a multi-family dwelling or completely torn down and replaced by apartments or condominiums. The evidence established that the best use of the property was for business offices. This use would maintain the character of all the unchanged portion of the neighborhood and not reduce the market value of the adjoining property. The evidence further tended to show that the desirability of the area for a family home has greatly waned, which is shown by the fact that the house has failed to sell in over four years on the open market.
The general rule is that,
 "[S]ince the Judge is the trier of fact in a nonjury action, he or she may weigh and consider the evidence on a motion for an involuntary dismissal. The normal presumptions of correctness attach to a trial court's ruling on an involuntary dismissal. The trial court's ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust."
Feaster v. American Liberty Insurance Co., 410 So.2d 399, 402
(Ala. 1982). But, "[w]here the evidence before the trial court is undisputed, the ore tenus rule is inapplicable, and the [Court of Civil Appeals] will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to those facts." Samford v. FirstAlabama Bank of Montgomery, 431 So.2d 146, 149 (Ala. 1983).
The trial court was not required to view the evidence most favorably for the Marenos, but rather to take an unbiased view of all the evidence, to weigh and evaluate the evidence, and to resolve the case on the basis of the preponderance of the evidence. Chaney, 348 So.2d at 802.
The pivotal and primary question is whether, due to special conditions, a literal enforcement of a zoning ordinance establishing a residential district will result in unnecessary hardship. Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). The facts in this case are not in dispute. We find that the evidence presented clearly preponderates in favor of the Marenos. The evidence presented is sufficient to sustain the burden of proof and, absent evidence to the contrary, to support a finding that unnecessary hardship will result from a literal enforcement of the ordinance.
At the beginning of the trial, the judge stated: *Page 1112 
 "Now, you know the Court's philosophy that I just don't think it is right for judges to substitute their opinion and their thinking for people from other branches of government who have the authority to make certain decisions. But when you get down to the point now here if he is right about these people across the street, offices over there, and about this condominium or apartment place right — I believe he said to the rear or adjoining it — how in the world could the Board of Adjustment say that these people shouldn't be granted the right to change the use of it?"
Such was the evidence in this case.
Whether a variance from the terms of a municipal zoning ordinance should be granted depends upon the facts of each individual case. Zoning Board of Adjustment v. Wright, 283 Ala. 654, 220 So.2d 261 (1969). An unbiased view of the undisputed evidence presented clearly shows that literal application of the zoning ordinance to petitioners' property would constitute an unnecessary hardship, and absent evidence to the contrary the trial court erred in granting the motion for involuntary dismissal.
For the reasons stated, this case is due to be reversed and remanded.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.