BRADLEY, Presiding Judge.
Appellees applied for and were denied a use variance by the Board of Adjustment of the City of Mobile (the Board). Pursuant to section 11-52-81, Code 1975, appel-lees appealed to the Circuit Court of Mobile County and were granted the variance. The Board appeals the jury’s issuance of the variance.
The Board contends that no evidence was presented establishing the existence of any special conditions that would warrant any less than a literal enforcement of the applicable zoning ordinance. Thus, the Board maintains that the trial court erred when it submitted the question of unnecessary hardship to the jury.
We note the applicable Code provision:
“To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.”
§ ll-52-80(d)(3), Code 1975 (emphasis added).
Appellees own and operate an automobile junkyard in Mobile, Alabama. The property on which the junkyard is located and for which the variance was applied is zoned residential. An automobile junkyard is categorized as an industrial use. Appellees do not quarrel with the applicability of the particular zoning ordinance to their property-
However, appellees point out that the Board has asserted as error only the trial court’s submission of the unnecessary hardship issue to the jury. Whether unnecessary hardship exists is a factual question and, thus, should be resolved by a jury. City of Mobile v. Cunningham, 46 Ala.App. 461, 243 So.2d 723 (1971).
Under our scintilla rule, even the smallest scintilla of evidence presented in support of an issue prevents the court from issuing a directed verdict. Davis v. Balthrop, 456 So.2d 42 (Ala.1984).
Thus, if even the smallest glimmer of evidence was offered to support an unnecessary hardship argument, the trial court did not err in submitting the issue to the jury. Davis, supra.
Unnecessary hardship, as required by the statute, has been discussed in numerous cases. First we note that “hardship alone is not sufficient.” Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). It must be “unnecessary hardship.” § 11-52-80(d)(3), Code 1975. Further, “[e]co-nomic hardship by itself is not sufficient justification for the Board (or the court) to grant a variance of the zoning ordinance.” Board of Adjustment v. Creel, 500 So.2d 1147 (Ala.Civ.App.1986).
Instead, the variance’s denial or issuance turns on the facts of the individual case. Arant v. Board of Adjustment, 271 Ala. 600, 126 So.2d 100 (1960). We have examined the record and are satisfied that facts existed which established the required scintilla of evidence justifying the submission of the unnecessary hardship issue to the jury.
Evidence was introduced which established that the property’s value would significantly decrease if zoned residential. An appraiser testified that the value of the property as a junkyard was $345,000. He further testified that if the property were used for residential purposes, its value would be only $79,800. Thus, a changed *109 zoning classification results in approximately a $265,000 property devaluation. We would note again that this alone is an insufficient justification for granting the ordinance. Creel, supra.
However, other evidence was introduced that indicated the property had been used as a junkyard since 1947 — some twenty-three years before the ordinance went into effect making the junkyard's operation illegal. Further, the City allowed the junkyard to remain on the land for the entire period of time extending from 1970 (the date of the ordinance’s effect) until the date of the variance application. Other commercial businesses are in close proximity to the junkyard. Likewise, the City has sold the appellees the business licenses required to run the junkyard, even though the ordinance makes them illegal.
Additionally, the record reveals that the junkyard is operated in conjunction with an automobile parts supply business. The automobile supply business adjoins the junkyard. Further, the parts supply is not in violation of an ordinance, as it was grandfathered in so that it could continue operation. Testimony was offered that indicated it would be difficult to move the junkyard and effectively operate the two businesses from separate locations.
In light of the cited record evidence, we cannot say that the trial court erred in denying the directed verdict. Unnecessary hardship turns on the peculiar facts of the case. Arant, supra. We agree with the trial court that whether unnecessary hardship existed was in the first instance a matter for the jury to decide, as the required scintilla of evidence was produced suggesting an unnecessary hardship.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.