In June 1984, the Board of Adjustment denied an application for a zoning variance made by Anna Monette Mareno and G. Wildon Mareno for property located in Mobile. The Marenos appealed the decision to the Circuit Court of Mobile County, which affirmed the decision of the Board of Adjustment. Thereafter, the Marenos appealed to this court. The decision of the trial court was reversed and the case remanded in August 1985. Mareno v.Board of Adjustment of Mobile, 495 So.2d 1109 (Ala.Civ.App. 1985). On October 31, 1986, Pat Sigler, purchaser of the property, filed a motion to amend the original complaint by adding himself as a party plaintiff. The motion was granted, and on December 10, 1987, after trial de novo, the variance was granted by the trial court. The Board of Adjustment filed a motion to reconsider. The motion was denied by the trial court, and the Board of Adjustment presents this appeal.
The issues presented on appeal are whether the trial court erred in allowing Sigler to be added as a party plaintiff and whether the trial court properly ruled that a literal application of the zoning ordinance would constitute an unnecessary hardship and thus granted a variance allowing law offices to be established on the subject property previously zoned for residential use.
The appellant, Board of Adjustment, contends that Pat Sigler should not have been allowed to amend the original complaint, adding himself as party plaintiff. Appeals to the circuit court from the Board of Adjustment are governed by Code 1975, §11-52-81, which states:
 "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo."
Sigler properly amended the original complaint, which had been timely filed; therefore the fifteen-day requirement of the Code was met. See A.R.Civ.P., Rule 15(c). The question thus becomes whether Sigler was a "party aggrieved." Alabama case law has ruled that an equitable owner of property under a contract to purchase *Page 727 
conditioned on the grant of a variance is entitled to apply for a variance. Arant v. Board of Adjustment of City of Montgomery,271 Ala. 600, 126 So.2d 100 (1961). In the original appeal of the Board of Adjustment's ruling denying the Marenos' request for a variance, Sigler was an equitable owner of the property under a purchase agreement conditioned on the grant of a use variance. He became the owner of the property in February 1985, while the case was on appeal and before it was remanded to the trial court in August 1985. If an equitable owner is a party aggrieved for purposes of requesting a variance, it follows that the purchaser of property prior to a hearing to determine the granting of a variance is also a party aggrieved under the meaning of Code 1975, § 11-52-81. Consequently, the trial court was correct in allowing Sigler's amendment which added him as a party plaintiff.
The second issue on appeal is whether the trial court properly ruled that a literal application of the zoning ordinance would constitute an unnecessary hardship and thus properly granted the variance allowing the property previously zoned for multi-family dwellings to be used for law offices.Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). The evidence established that the best use of the property is for business offices. The record also demonstrated that the desirability of the area for a family home has greatly waned and is supported by the fact that the house failed to sell as a residence after four years on the market.
For a more detailed recitation of facts and circumstances regarding evidence of economic hardship, see our prior opinion in Mareno v. Board of Adjustment of Mobile, supra.
The facts of each individual case must be weighed in determining whether a variance from the terms of a municipal ordinance should be granted. Zoning Board of Adjustment of Cityof Mountain Brook v. Wright, 283 Ala. 654, 220 So.2d 261
(1969). The evidence in this case clearly shows that the literal application of the zoning ordinance to the subject property would constitute an unnecessary hardship, and thus the trial court did not err in granting the variance. Ex parteChapman, 485 So.2d 1161, on remand, Chapman v. Board ofAdjustment of City of Mobile, 485 So.2d 1164 (Ala. 1986).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.