Following a jury verdict, which granted appellees a use variance for certain property, and the denial of a motion for new trial, the Board of Adjustment of the City of Mobile (Board) appealed to this court. The appellees consist of the owners of the parcel of property, Roberta Murphy, Lee Shearer, Robert Bush, Lucy Beaven and the estate of Fletcher Gordon (owners), and the prospective purchasers of the property, Ross Diamond III, James Hasser, Jr., and James Frost (prospective purchasers).
On October 22, 1989, the prospective purchasers agreed to buy the property, contingent upon their ability to obtain a use variance. The property was zoned for residential use and the prospective purchasers, three attorneys, wanted to locate their law offices on the property, which would require that the property be zoned "buffer business."
Application for a use variance was made with the City of Mobile in 1990 by both the owners and prospective purchasers. The city denied the request, so the owners and prospective purchasers applied for a use variance with the Board. The Board denied the request, and the owners and prospective purchasers timely appealed to circuit court for a trial de novo, pursuant to § 11-52-81, Code 1975.
Following a proceeding at which evidence was presented ore tenus, the jury returned a verdict in favor of the owners and prospective purchasers and granted their request for a use variance to build commercial law offices on the property.
The property in question, which is zoned residential, is a vacant lot on the corner of Dauphin and Julia Streets in Mobile, Alabama. At one time, the property had a residence on it; however, the residence was condemned by the city and torn down. The owners of the property are the descendants of the original owners of the home and lot.
Testimony was offered that the property has been on the market for most of the 30 years it had belonged to the present owners, without any serious inquiries or offers. An expert also testified that, as a practical matter, there was no marketvalue for this lot within the present zoning. Surrounding the lot are buildings that are a mixture of business and professional offices, as well as historic residential structures. Evidence was also presented that the proposed law offices will be built in a manner that makes them architecturally harmonious with the surrounding residential properties and that no significant change in traffic would occur.
The dispositive issues on appeal are whether the trial court erred in denying the Board's motion for directed verdict and its motion for a new trial. *Page 507 
A board of adjustment, as well as the circuit court on appeal for trial de novo, is authorized to grant a variance from a zoning ordinance if the variance "will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done." Section11-52-80(d)(3), Code 1975; Lawless v. Smith, 481 So.2d 1144
(Ala.Civ.App. 1985).
Our supreme court, in defining "unnecessary hardship" has stated that no one factor is dispositive of what constitutes practical difficulty or unnecessary hardship. City of Mobile v.Sorrell, 271 Ala. 468, 471, 124 So.2d 463 (Ala. 1960). Instead, all relevant factors, when taken together, must demonstrate that the problems of the property are unique in that it cannot be put reasonably to a conforming use due to the property's zoning classification. Sorrell.
Further, whether "unnecessary hardship" exists is a factual question and, as such, it should be decided by a jury.Board of Adjustment of City of Mobile v. Pierce, 512 So.2d 107
(Ala.Civ.App. 1987). Prior to the enactment of § 12-21-12, Code 1975, "even the smallest scintilla of evidence presented in support of an issue prevent[ed] the court from issuing a directed verdict." Pierce. However, since the enactment of §12-21-12(a), Code 1975, proof by substantial evidence is required to prevent the court from issuing a directed verdict.
We have examined the record and find that sufficient facts were presented, which satisfied the substantial evidence rule and required submission of the case to the jury. The particular facts, as recited above, were, essentially, that "the desirability of the area for a family home [had] greatly waned," which is shown by the fact that this lot has failed to sell in approximately thirty years on the open market.Mareno v. Board of Adjustment of Mobile, 495 So.2d 1109
(Ala.Civ.App. 1985); Board of Adjustment of Mobile v. Sigler,518 So.2d 725 (Ala.Civ.App. 1987). In short, this property is simply not useable in its present classification. Likewise, the public interest is protected by the fact that the offices will not contribute to a traffic problem, nor will they detract from the character of the neighborhood.
Next, the Board contends its motion for a new trial should have been granted because, it asserts, the owners and prospective purchasers failed to prove by clear and convincing evidence that unnecessary hardship existed.
The evidence in this case clearly shows that the ordinance, as applied, would constitute an "unnecessary hardship." This piece of property suffers a unique problem in that, for an extended period of time, no use has been found for it within its present classification. Further, the evidence indicated that the public interest is not so adversely affected as to justify a denial of the variance.
"Jury verdicts are presumed to be correct in Alabama. This presumption of correctness is further strengthened by the trial court's denial of a motion for new trial." Ashbee v. Brock,510 So.2d 214 (Ala. 1987). Whether a trial court grants or denies a motion for a new trial is a decision committed to its sound discretion, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon,565 So.2d 119 (Ala. 1990).
Having carefully examined the aforementioned evidence and applying the appropriate presumptions, we find that the denial of the motion for a new trial was not in error. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur. *Page 508