Henry Hayden filed an action pursuant to Ala. Code 1975, §25-5-11.1 against Bruno's, Inc., alleging that his employment with Bruno's had been terminated in retaliation for his having filed a workmen's compensation claim against Bruno's. The case was tried before the trial court without a jury, and at the end of Hayden's evidence, the trial court granted Bruno's Rule 41(b), A.R.Civ.P., motion for involuntary dismissal. Hayden appeals.
Rule 41(b), A.R.Civ.P. provides:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of facts may then determine them and render judgment against the plaintiff."
In considering a Rule 41(b) motion, the trial court is the ultimate trier of fact and is free to weigh the evidence and the credibility of the witnesses. Feaster v. American LibertyInsurance Co., 410 So.2d 399 (Ala. 1982). The normal presumptions of correctness attach to a trial court's ruling on an involuntary dismissal. Id., at 401. The trial court's ruling need only be supported by credible evidence, and it will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Conner v. City of Dothan, 500 So.2d 1065 (Ala. 1986).
The trial court granted Bruno's 41(b) motion because it found that Hayden did not produce sufficient evidence to support his claim. Accordingly, we review the evidence that the record reflects Hayden presented.
Hayden presented, without objection, evidence of a workmen's compensation action against Bruno's, an arbitration proceeding between him and Bruno's, and a federal lawsuit arising out of the arbitration proceeding. All those proceedings arose from the following set of facts, which is also the basis of this action: Hayden was injured in October 1984 while working as a stock clerk at Bruno's. After that injury, Hayden worked sporadically until February 1, 1986, when his doctor ordered him to cease work completely. In November 1985 Hayden filed an action against Bruno's for workmen's compensation benefits. The doctor allowed Hayden to return to work on April 6, 1987. When Hayden went to the Bruno's store where he had formerly worked for reemployment, the store manager told him that he could not return to work and that he should contact Bruno's personnel department. Hayden contacted the personnel department, and a Bruno's representative told him that he had been terminated because he had been on leave of absence for more than one year. There is documentary evidence indicating that Bruno's did not want to rehire Hayden because Hayden's job performance had been evaluated by Bruno's management as poor and because he had numerous disputes with his supervisors about his attitude and his performance.
At all times relevant to this action, The National Labor Relations Board and Bruno's recognized the United Food and Commercial Worker's Union, AFL-CIO-CLC ("the Union"), as "the sole and exclusive bargaining agent with respect to rates of pay, hours, and all other terms and conditions of employment for the appropriate bargaining unit," according to a contract between the Union and Bruno's. It is undisputed that Bruno's and the Union entered into a collective bargaining agreement that covered Hayden at all times relevant to this action. A provision of that agreement states that leaves of absences for injury shall "in no event [be] for more than one year." The agreement was modified to state that pursuant to the "[provision] that no leave for illness or injury extend longer than one year, the parties *Page 876 
agree that unless mutually agreed in writing by the company and the union, any employee will be terminated after being on leave for 1 year. . . ." The record contains no writing showing that Bruno's and the Union agreed that Hayden was not to be terminated after one year's leave of absence.
On April 6, 1987, Hayden filed a grievance pursuant to the collective bargaining agreement, requesting reinstatement and back pay. The grievance was submitted to an arbitrator, who ruled in favor of Bruno's:
 "Under the terms of the contract and the Letter of Understanding an employee that sustains an injury on the job and is absent from work on a leave of absence for more than one year may be terminated by the Company and, as a result, lose his seniority. The employee is eligible to return to work only if both the Union and the Company agree in writing. Therefore, in this case, the Company had the authority to terminate the Grievant. The Grievance is denied."
The Union then filed a lawsuit in the United States District Court to set aside the arbitrator's decision. The Union argued, in part, that Hayden's termination violated Alabama's workmen's compensation laws, because "to countenance the discharge of an employee who files a workmen's compensation claim is against the public policy of this State. Section 25-5-11.1." On January 27, 1988, the district court entered a summary judgment for Bruno's, thereby allowing the arbitrator's decision to stand. Although the Union initially appealed to the Eleventh Circuit Court of Appeals, it later voluntarily dismissed its appeal.
On June 27, 1989, Bruno's paid Hayden $12,500 in settlement of his workmen's compensation claim.
Apart from the records of the actions described above, Hayden testified and recounted his employment history with Bruno's, and he testified that a Bruno's representative told him he had been terminated for being on leave of absence for more than one year.
Section 25-5-11.1 provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), we determined the evidence necessary to sustain an action pursuant to that provision:
 "We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination."
536 So.2d at 1364.
Hayden presented no evidence that Bruno's terminated him because he had filed a workmen's compensation claim, unless weassume that, because he was terminated after he had filed that claim, the termination was retaliatory. We refuse to so assume.
Even if he proved a prima facie case, there is no evidence that the reasons Bruno's gave for terminating him were a pretext for an otherwise impermissible termination. Twilley at 1369.
Hayden did not produce sufficient evidence of his claim to withstand Bruno's Rule 41(b) motion. The trial court's judgment is not clearly erroneous or palpably wrong or unjust,Conner, and the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur. *Page 877