RUSSELL, Judge.
Joseph appeals from the trial court’s order granting a directed verdict in favor of the State of Alabama (state).
Joseph, a citizen of Cyprus, filed an application for unemployment compensation benefits with the Unemployment Compensation Agency of the Department of Industrial Relations (agency). He was found to be “monetarily ineligible because no wages or insufficient wages were reported for base period employment.”
Subsequently, an examiner of the agency disqualified Joseph, finding that he was not available for work. Joseph then appealed from that decision, and a hearing was held before a referee. The referee concluded that Joseph was available for work and reversed the previous decision.
The University of Alabama (University), Joseph’s previous employer, appealed. A hearing was held before the Alabama Board of Appeals (board). Finding that Joseph “could not by law be available for employment without the required work permit or work authorization,” the board reversed the decision of the referee, and Joseph was disqualified for unemployment compensation benefits.
Joseph appealed the decision of the board to the trial court. After hearing evidence presented by Joseph, the trial court, without making specific findings of fact, granted a directed verdict in favor of the state. Joseph then filed this appeal. We affirm.
At the outset we note that the trial court granted the state’s motion for a directed verdict and that we will treat this motion as a motion for dismissal under Rule 41(b), Alabama Rules of Civil Procedure. Mareno v. Board of Adjustment of Mobile, 495 So.2d 1109 (Ala.Civ.App.1985). Further, when a Rule 41(b) motion is considered, the trial court is the ultimate trier of fact and is free to weigh the evidence and the credibility of the witnesses. Hayden v. Bruno’s, Inc., 588 So.2d 874 (Ala.1991). We consider the normal presumptions of correctness regarding the trial court’s ruling. Id. That ruling need only be supported by credible evidence and will not be set aside unless clearly erroneous or palpably wrong or unjust. Id. When specific findings of fact concerning an issue are not made by the trial court, this court will assume that it made the findings necessary to support its judgment, unless such findings would be clearly erroneous. Sundance Marina, Inc. v. Reach, 567 So.2d 1322 (Ala.1990).
The record indicates that Joseph is a citizen of Cyprus, who first entered the United States in 1980 as a graduate student under an F-l visa status. He received his Ph.D in 1985 and returned to Cyprus. In 1986 he re-entered the United States in an H-l visa status and taught at two universities. In 1988 he again returned to Cyprus. He has two children who were born in the United States.
It is unclear whether Joseph returned to the United States later in 1988 or in 1989 to obtain medical treatment in Boston for his daughter, who has a congenital birth defect. He was affiliated with Harvard as a post-doctorate research fellow in a J-l visa status. He then was employed by the University in an H-l status for the 1989-90 academic year, and his daughter received treatment in Birmingham, Alabama.
All the visas issued to Joseph were non-immigrant visas which allow an alien to enter the United States for specific purposes and periods of time only. See 8 U.S.C. § 1101(a)(15)(B), (F), (H), and (J) (1988 and Supp. IV 1992). Joseph testified that he entered the country under visas which only allowed him to reside temporarily in the United States.
Joseph’s H-l visa status terminated in May 1990. He requested and was granted extended voluntary departure by the district director of the Immigration and Naturalization Service (INS) in order to continue obtaining medical treatment for his daugh *300 ter. Testimony indicates that voluntary departure is not a status but an administrative convenience of the United States government and that a person must depart the United States before he or she may reenter a legal visa status. Voluntary departure allows an alien whose status has expired and is deportable to remain in this country. Joseph was allowed to remain until July 31, 1990, which date was later extended to December 31, 1990.
Joseph was denied work authorization after the H-l visa expired. However, if he had obtained a job and was unable to provide the required document or documents verifying legal status, he would have had to produce a receipt showing that he had applied for the document and then would be allowed twenty-one days to produce it. See Handbook for Employers, U.S. Immigration and Naturalization Service, Part eight (1987).
On October 31, 1990, Joseph was offered a job by the University for the spring semester of 1991. He was granted H-l status and worked for the University. Although he made numerous attempts to gain employment from May 27, 1990, to November 24, 1990, he remained unemployed during that period.
Joseph contends that the trial court erred in finding that he is ineligible for unemployment compensation benefits pursuant to §§ 25-4-77(a)(3) and -78(14), Ala.Code 1975. He claims that these statutes must be construed together in determining a person’s eligibility for unemployment compensation benefits. We agree that they must be construed together. Davis v. Pickett, 412 So.2d 1225 (Ala.Civ.App.1981). He further claims that the unemployment compensation law is remedial in nature and should be construed in favor of the worker. Here we also agree that the statute should receive “a liberal interpretation to best serve the purpose and intent of the legislature to avoid injustice.” West Point Pepperell v. Alabama Department of Industrial Relations, 495 So.2d 678, 681 (Ala.Civ.App.1986).
Section 25-4-77(a)(3) states that an unemployed individual is eligible to receive benefits if;
“He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available.”
Section 25-4-78(14)(a) provides in pertinent part that an individual shall be disqualified for total or partial unemployment:
“For any week for which benefits claimed are on the basis of services performed by an alien unless:
“1. Such alien is an individual who was lawfully admitted for permanent residence at the time such services were performed, and was lawfully present for purposes of performing such services; or,
“2. Such alien was permanently residing in the United States under color of law at the time such services were performed ...; or,
“3. Such alien was lawfully admitted for temporary residence as provided for under the provisions of section 245A(a) of the Immigration Reform and Control Act of 1986 (PL 99-603).”
Joseph claims to be eligible under subsection 2 of this section.
We also note that the Congress of the United States amended the Federal Unemployment Tax Act (FUTA) in 1976. See Esparza v. Valdez, 612 F.Supp. 241 (D.C.Colo.1985). It added subsection (a)(14) to 26 U.S.C. § 3304, which provides that
“compensation shall not be payable on the basis of services performed by an alien unless such alien is an individual who was lawfully admitted for permanent residence at the time such services were performed, was lawfully present for purposes of performing such services, or was permanently residing in the United States under color of law at the time such services were performed_”
*301 We will assume that the trial court made a finding that Joseph was not available for work at the time his claim was made and that he was not permanently residing in the United States under color of law. Sundance Marina, 567 So.2d 1322.
Joseph claims that he was available for work during the period in question, May 27, 1990, through November 24, 1990. He states that he was physically and mentally ready to work, that he was actively seeking work all over the country, and that he could easily get the required work authorization and could report to work immediately. The state responds that, because Joseph did not have work authorization for the period of time in question, he was not available for work. We agree.
Joseph was denied work authorization after his visa expired. In addition, although he was ultimately granted H-l visa status to work again for the University, there was no guarantee that this would have been granted, nor was it certain that it would have been granted within the required twenty-one days. We also note that Joseph was required to leave the country and apply for the visa at a United States Consulate in another country. Therefore, we hold that Joseph, until he was duly authorized to work by the INS, was precluded by his legal status from obtaining legal employment, Lepiani v. Board of Review, Department of Labor & Industry, 169 N.J.Super. 72, 404 A.2d 318 (1979), and that he was not available for work pursuant to § 25-4-77.
Joseph also claims that, because, he claims, he was permanently residing in Tuscaloosa, Alabama, and working for the University on an H-l visa status from August 16, 1989, to May 15, 1990, he was “permanently” residing in the United States under color of law at the time such services were performed. § 25-4-78(14)(a).
“The term ‘permanent’ means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law.” 8 U.S.C. § 1101(a)(31); Holley v. Lavine, 553 F.2d 845, 850 (2d Cir.1977). In the present case it is clear that Joseph was temporarily in the United States. As he states in his brief, when his “employment with the University of Alabama ended in May, 1990, so did his H-l status.” In fact, the record shows that his H-l nonimmi-grant classification was valid only to May 19, 1990. There was no determination to be made regarding his status; it was specifically for a nonimmigrant status with a definite ending. Therefore, we find that Joseph was not permanently residing in the United States and hold that he was not entitled to benefits pursuant to § 25-4-78(14)(a).
Because we hold that Joseph was not entitled to benefits pursuant to §§ 25-4-77 and 25-4-78, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.