I would affirm the judgment of the trial court.
Amerex Corporation supported its motion for summary judgment with evidence that Overton was not discharged from employment for the reasons prohibited by Ala. Code 1975, § 25-5-11.1. Overton failed to make out a prima facie case of retaliatory discharge, because she presented no evidence that her employment was terminated because she filed a claim for worker's compensation benefits. Justice Kennedy wrote in Haydenv. Bruno's, Inc., 588 So.2d 874, 876 (Ala. 1991):
 "Hayden presented no evidence that Bruno's terminated him because he had filed a workmen's compensation claim, unless we assume that, because he was terminated after he had filed that claim, the termination was retaliatory. We refuse to so assume."
(Emphasis original.)
Overton proved no more than Hayden. I would still refuse to "assume that, because [Overton] was terminated after [she] had filed that claim, the termination was retaliatory."