THOMPSON, Judge,
dissenting.
Alabama is an at-will employment state. Our supreme court has held that “[u]nder Alabama law, an employment contract is generally terminable at will by either party, with or without cause or justification— for a good reason, a wrong reason or no reason at all.” Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992). Ala.Code 1975, § 25-5-11.1, provides that “[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker’s compensation benefits under this chapter .... ” (Emphasis added.) Because I conclude that Morell’s termination was at least partially, if not totally, motivated by a legitimate business concern, and that Morell failed to produce substantial evidence to show that the reason proffered by Tennessee Valley for her termination was a mere pretext, I would affirm the summary judgment in favor of Tennessee Valley. See Smith v. Dunlop Tire Corp., 663 So.2d 914 (Ala.1995); Hayden v. Bruno’s, Inc., 588 So.2d 874 (Ala.1991). Tennessee Valley’s letter to Morell dated August 3, 1994, advised her that she had been terminated on the basis that she had abandoned her job. James Johnson, the president of Tennessee Valley, testified that it was not necessary for an employee who sustained an on-the-job injury to obtain a leave of absence, but he stated that company policy recommended that a leave of absence be obtained for any other protracted absence. He also testified that if an employee did not obtain a leave of absence, then company policy required the employee to telephone the office each day the employee was absent.
Morell sustained an injury to her back on Wednesday, February 23, 1994, while she was performing her regular duties. She obtained treatment and returned to work the following Monday. She worked her regular hours and a significant number of overtime hours from the time she returned following a March 1994 back injury she sustained after bowling seven consecutive games until May 24, 1994. Morrell never returned to work after May 24, 1994. Morrell insisted that her employer submit a workers’ compensation claim for her May 24 back injury, even though she did not sustain that injury at work, claiming it was related to the February 23 injury. Tennessee Valley submitted the claim as requested. The claim was denied by Tennessee Valley’s workers’ compensation carrier on June 24,1994.
Johnson and Yvonne Chadwick, Johnson’s administrative assistant, both testified that after the claim was denied on June 24, 1994, they received no communication from Morell as to her condition, her prognosis, or the date expected to return to work. Morell did not apply for a leave of absence after her claim was denied. The company presented evidence indicating that, in accordance with company policy, Morell was terminated for “job abandonment.” Although Morell claims she telephoned the company to advise her em *498 ployer of her condition and of her treatment plans, she said she could not recall whether she made a call after her workers’ compensation claim was denied. In order “[t]o withstand a motion for summary judgment, a plaintiff claiming retaliatory discharge under § 25-5-11.1 must present substantial evidence that he or she was terminated for seeking workers’ compensation benefits, and that the reasons proffered by the employer for the termination are not true, but are a pretext for an otherwise impermissible termination.” Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala.1992). I do not find Morell’s testimony sufficient to rebut Tennessee Valley’s prima facie showing that the termination was prompted by the neutral application of the company’s absence-control policy.