John W. Rice sued Bruno's, Inc., pursuant to § 25-5-11.1, Ala. Code 1975, alleging that his employment with Bruno's had been wrongfully terminated in retaliation for his having filed a workers' compensation claim. The trial court entered a summary judgment in favor of Bruno's on March 21, 1997. Rice appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Rice had been employed with Bruno's since 1969; at the time of the injury, he was working as a meat market manager. Rice's job duties included scheduling employee work hours for the meat department, and ordering, selling, distributing, and cutting meat. Rice's job required him to be on his feet constantly, except for approximately an hour and one-half every other day when he was placing orders. On a regular basis, he had to lift boxes of meat ranging in weight from 10 to 120 pounds.
Rice injured his back in March 1993, when his feet slipped out from under him as he was lifting a box of meat from the cooler. He received medical treatment over the next two years; however, his condition did not improve. During this time, Rice attempted to return to work at full duty, but was unable to do so because of his condition. Rice underwent surgery on April 20, 1995.[1]
Rice was released back to work on January 4, 1996, with restrictions of no lifting over 50 pounds and no constant stooping, bending, or twisting. Rice did not return to *Page 487 
work when he was released. He stated that when he presented the store manager with his "work slip" containing the restrictions, he "might have said [to the manager] I didn't think I was able to do the job." Rice testified that in January 1996 he could not perform his job duties of meat market manager and that he had a lot of pain in his back and leg. Following the surgery, Rice used a cane until October or November 1996.
On April 17, 1996, after he had been off work for one year, Rice returned to Bruno's with a release that removed all restrictions, except that he was restricted to an eight-hour work day. Rice testified that, although he was released to return to work in April 1996, he was still unable at that time to perform his job duties because, he said, he was unable to stand for long periods of time and was unable to lift over 50 pounds. In June 1996, Rice testified in deposition that at that time he was still unable to perform the duties of meat market manager. He stated that the only way he could have performed his job would have been if there were further restrictions placed on it or accommodations made. Further, in October 1996, Rice testified at the underlying workers' compensation trial that he was not sure if he could perform the duties of meat market manager.
Bruno's terminated Rice's employment by way of a letter dated May 13, 1996, in accordance with its one-year-leave-of-absence policy, which provides that when an employee fails to return to work within one year from the date that the leave of absence began, that employee will be terminated.
We note that in reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John DeereCo., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989).Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
Section 25-5-11.1, Ala. Code 1975, states:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
Regarding actions brought pursuant to § 25-5-11.1, our supreme court has stated:
 "[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover workers' compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the [employee] must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination."
Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988). Further, in the context of a defendant's motion for summary judgment in a retaliatory discharge action, our supreme court has stated:
 "[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant's showing of a legitimate reason is conclusive enough to establish that 'there *Page 488 
is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56(c), Ala. R. Civ. P., the plaintiff would also have to produce evidence to refute that showing."
Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala. 1992).
Rice was terminated in accordance with Bruno's one-year-leave-of-absence policy.[2] In support of its motion for summary judgment, Bruno's filed a brief, excerpts from Rice's deposition, excerpts of the trial transcript from the underlying workers' compensation trial, and the affidavit of Bruno's director of human resources. In opposition, Rice filed a brief and excerpts from his deposition. He contended that his termination for violation of the one-year-leave-of-absence policy was a pretext, because, he said, (1) he had presented himself for work on numerous occasions before the running of the one-year period, and (2) other employees had been accepted back to work with restrictions on a temporary basis within the one-year period. We need not determine whether the one-year-leave-of-absence policy was a legitimate reason for termination, or whether it was used as a pretext, as Rice contended.
In Consolidated Stores, Inc. v. Gargis, 686 So.2d 268
(Ala.Civ.App. 1996), cert. denied, 686 So.2d 278 (Ala. 1996), this court held that an essential element of a retaliatory discharge claim is that the plaintiff be willing and able to return to his employment. Although the evidence indicates that Rice was willing to return to work, it also indicates the he was unable to perform the duties of meat market manager. Rice testified that in January 1996 he might have told the store manager he was unable to perform the duties of meat market manager. He stated that the store manager told him "there ain't very much you're going to be able to do back there according to this work release here that you've got." Rice said that he agreed with this assessment. He testified that in April 1996, after the restrictions had been lifted, he still was unable to perform his job duties. He further testified that as late as June 1996, a month after he had been terminated, he still was unable to perform the duties required of him as meat market manager. Further, as late as October 1996, five months after he was terminated, he was not sure that he could perform his job duties.
Although Rice testified that other employees had returned to Bruno's to light-duty work, the record does not contain any evidence regarding the existence of any light-duty work that Rice was qualified for or that he could have performed.
Accordingly, the summary judgment in favor of Bruno's is affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] His last day to actually work for Bruno's was April 15, 1995.
[2] Bruno's one-year-leave-of-absence policy was held to be a legitimate reason for termination in Hayden v. Bruno's, Inc.,588 So.2d 874 (Ala. 1991).