Ralph E. Dunn, Jr., appeals from a summary judgment entered in favor of Comcast Corporation and Comcast Cable Communications, Inc. (together "Comcast"), on Dunn's retaliatory-discharge claim. We reverse and remand.
Dunn had been employed by Comcast as a service technician for approximately 16 years. While on a service call, on October 28, 1996, he fell from an extension ladder and suffered a closed-head injury. He was hospitalized for three days. Because of this injury, Dunn received workers' compensation benefits from the time of his injury until February 7, 1997, when his doctor gave him permission to return to work; the doctor restricted him to work that does not involve climbing a ladder. In March 1997, Dunn returned to work at Comcast, performing a number of duties that did not require him to climb a ladder. In May 1997, Comcast demanded that he return to his duties as a service technician, a job that involved climbing ladders. He refused and, on May 23, 1997, Comcast fired him.
On July 10, 1997, Dunn sued Comcast, seeking workers' compensation benefits and seeking damages, pursuant to §25-5-11.1, Ala. Code 1975, for an alleged retaliatory discharge. The two claims were severed, and Dunn's workers' compensation claim was settled. Comcast moved for a summary judgment on Dunn's retaliatory-discharge claim. The trial court entered a summary judgment for Comcast; Dunn appealed.
When reviewing the disposition of a motion for summary judgment, this Court applies the same standard the trial court applies "in determining whether the evidence before the court made out a genuine issue of material fact." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988).
 "When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact."
Bleier v. Wellington Sears Co., 757 So.2d 1163, 1167 (Ala. 2000) (citing Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989)). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In its brief supporting its motion for summary judgment, Comcast argued to the trial court that a summary judgment would be appropriate because, it argued, when Dunn was discharged, he was not "willing and able" to perform his duties as a service technician, because his injury precluded him from climbing a ladder. When Dunn filed his action, Alabama law required that an employee in a retaliatory-discharge case show, as an element of his or her prima facie case, that at the time of the discharge he or she was "willing and able" to return to work. See ConsolidatedStores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.), cert.denied, 686 So.2d 278 (Ala. 1996), overruled by Bleier v.Wellington Sears Co., supra, 757 So.2d 1163. However, two months after the trial court had entered the summary judgment for Comcast, this Court removed the "willing-and-able" requirement from the plaintiff's prima facie case, in Bleier v. WellingtonSears Co.:
 "[T]he `willing-and-able' doctrine does not establish an element of an employee's prima facie case, but . . . the question whether an employee is willing and *Page 943 
able to return to work is relevant to the defendant's opportunity to establish a defense to a claim alleging retaliatory discharge or to eliminate or reduce the damages recoverable for lost wages."
757 So.2d at 1171. Thus, the plaintiff is not now required to show, as an element of a retaliatory-discharge claim, that at the time of the discharge he or she was "willing and able" to return to work. Although the trial court did not specify in its order the basis for granting the summary-judgment motion, we must conclude, given the law as it existed before Bleier and the arguments expressed in Comcast's brief in support of its summary-judgment motion, that the trial court found no genuine issue of material fact — i.e., found that Dunn's inability to climb a ladder prevented him from showing that he was "willing and able" to return to work. See Bleier, supra. The trial court's judgment was consistent with the law as it existed when the judgment was entered.
However, under the new rule expressed in Bleier, a trial court, in deciding whether to enter a summary judgment against the employee in a retaliatory-discharge case, should view all evidence in the light most favorable to the employee and ask whether the employee has shown: (1) an employment relationship; (2) an on-the-job injury; (3) notice to the employer of the on-the-job injury; and (4) subsequent termination of employment. See Bleier, supra. An employee who presents substantial evidence of all four elements has established a prima facie case of retaliatory discharge. The burden would then shift to the employer to rebut the inference that the discharge was retaliatory, by articulating a nonretaliatory reason for the discharge, supported by substantial evidence. Id. If the employee cannot rebut the employer's nonretaliatory explanation, then a summary judgment would be appropriate. However, if a genuine issue of material fact exists as to whether the nonretaliatory reason given by the employer was actually the basis for the discharge, then a summary judgment would not be appropriate. See Bleier, supra.
Dunn presented evidence indicating: (1) that he had been employed by Comcast for 16 years; (2) that while working in the course of his duties as a service technician he was injured in a fall from an extension ladder; (3) that Comcast was aware of his on-the-job injury; and (4) that Comcast terminated his employment. Thus, according to the rationale of Bleier, Dunn established a prima facie case of retaliatory discharge and the burden shifted to Comcast to rebut that prima facie case.
However, Bleier also recognizes that "whether an employee is willing and able to return to work is relevant to the defendant's opportunity to establish a defense to a claim alleging retaliatory discharge or to eliminate or reduce the damages recoverable for lost wages." Id. at 1171. Comcast contends that it had a nonretaliatory reason for discharging Dunn — that he could not climb a ladder and climbing a ladder was a necessary part of his duties as a service technician. When someone is unable to perform the duties of his or her job, the employer is not required to make special accommodations to keep that person employed.[1] SeeBleier, supra. Comcast contends that because Dunn's inability to climb a ladder prevented him from carrying out his duties *Page 944 
as a service technician, its termination of his employment was not retaliatory. However, Dunn argues that Comcast had decided to terminate his employment, even before he returned to work and before Comcast knew he would not be able to climb again. Thus, he contends, the stated reason for his termination was merely a pretext. The record contains evidence indicating that Comcast's general manager — at a time before Dunn had returned to work and before Comcast had determined whether he could or could not climb a ladder — had anticipated terminating Dunn. This evidence, viewed in the light most favorable to Dunn, creates a genuine issue of material fact as to whether Comcast's basis for discharging Dunn was pretextual. Dunn's evidence was sufficient to establish a case of retaliatory discharge and to defeat Comcast's motion for a summary judgment.
The summary judgment in favor of Comcast is reversed, and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Cook, and Johnstone, JJ., concur.
[1] By overruling earlier cases, Bleier abolished the requirement in a retaliatory-discharge claim that an employee be "willing and able" to return to work, a requirement discussed inHammock v. Ryder Dedicated Logistics, Inc., 716 So.2d 215, 218
(Ala.Civ.App. 1998); Rice v. Bruno's Inc., 705 So.2d 486, 488
(Ala.Civ.App. 1997); and Lambert v. Beverly Enterprises, Inc.,695 So.2d 44, 47 (Ala.Civ.App. 1997).