I must dissent from the Court's decision to reverse the trial court's denial of APCo's motion for a judgment as a matter of law in this case. The majority has rewritten the stated requirements for establishing a prima facie case of retaliatory discharge. Such a change is not only unjustified by the statutory law, but also effectively immunizes employers from retaliatory-discharge claims.
The majority's opinion states that "[a] plaintiff must prove a causal connection between the workers' compensation claim and the subsequent discharge in order to establish a prima facie case." 854 So.2d at 563. This holding is in direct conflict with Dunn v. Comcast Corp.,781 So.2d 940 (Ala. 2000), where this Court stated:
 "[A] trial court, in deciding whether to enter a summary judgment against the employee in a retaliatory-discharge case, should view all evidence in the light most favorable to the employee and ask whether the employee has shown: (1) an employment relationship; (2) an on-the-job injury; (3) notice to the employer of the on-the-job injury; and (4) subsequent termination of employment. . . . An employee who presents substantial evidence of all four elements has established a prima facie case of retaliatory discharge."
781 So.2d at 943 (citing Bleier v. Wellington Sears Co., 757 So.2d 1163,1167 (Ala. 2000)). The Court in Dunn could not have been more clear as to what is necessary to establish a prima facie case of retaliatory discharge.
Our Court rationalizes this conflict by stating that it was implicit in the Court's holding in Dunn that there be "a causal link between the plaintiff's filing of a workers' compensation claim and his subsequent discharge." 854 So.2d at 562. As support for this proposition, the majority points out that the Dunn Court stated that after a prima facie case has been established "`[t]he burden would then shift to the employer to rebut the inference that the discharge was retaliatory, by articulating a nonretaliatory reason for the discharge, supported by substantial evidence.'" 854 So.2d at 562-63 (quoting Dunn,781 So.2d at 943) (emphasis added). This Court reasons that if the only requirements for a prima facie case of retaliatory discharge were those clearly stated in Dunn, then "there would be no `inference that the discharge was retaliatory' *Page 571 
and no need for the burden of proof to shift from the employee to employer." 854 So.2d at 563.
The use of the word "inference" by the Court in Dunn clearly suggests that a causal connection is assumed when the plaintiff has shown that he or she was discharged after filing a workers' compensation claim, not that the inference exists because the plaintiff has explicitly shown a causal connection between the discharge and the filing of the workers' compensation claim.
That a prima facie case consists of the plaintiff's demonstrating an employment relationship, a work-related injury, the filing of a workers' compensation claim, and a discharge, has been stated in several cases. Discussing Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1121 (Ala. 1992), this Court stated in Graham v. Shoals Distributing, Inc.,630 So.2d 417, 418 (Ala. 1993):
 "In Culbreth, this Court held that a prima facie case of retaliatory discharge was established by an employee's proof that he had filed a workers' compensation claim for a work-related injury, that the injury prevented him from working for a period of time, and that when he returned to work he was informed that he no longer had a job."
In Ex parte Usrey, 777 So.2d 66, 69 (Ala. 2000), this Court stated:
 "Usrey established a prima facie case of retaliatory discharge by presenting evidence to support his contentions that he was injured on the job, that his injury prevented him from working for a period of time, and that he was discharged shortly after his employer learned that he had taken steps toward filing a workers' compensation claim based on the injury."
777 So.2d at 69. See, e.g., Rickard v. Shoals Distrib. Co., 645 So.2d 1378,1382 (Ala. 1994), and Overton v. Amerex Corp., 642 So.2d 450, 452 (Ala. 1994).
The majority opinion distinguishes those cases by observing that in them there was a short period between the plaintiffs' filing of the workers' compensation claim and their discharge and concludes that the "temporal proximity" "established a causal connection." 854 So.2d at 563. However, in none of those cases is the "temporal proximity" between the filing of the claim and the discharge listed as a part of what the plaintiff had to show to establish a prima facie case. On the contrary, each case stated that the plaintiff had demonstrated a prima facie case in a fashion similar to the plaintiff in Culbreth, i.e., that a workers' compensation claim had been filed seeking compensation for a work-related injury and that after the claim was filed the employee was terminated.
All of those cases, moreover, quote or cite the very same language fromTwilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala. 1988), which this Court now claims mandates a causal connection in order to make a prima facie showing in a retaliatory-discharge case. In Twilley, the Court stated:
 "We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination."
536 So.2d at 1369. Obviously, Culbreth and its progeny did not find any conflict between the rule in Twilley and the *Page 572 
elements of proof required for a prima facie case restated in Dunn. There is no conflict because a retaliatory discharge is inferred from the employee's termination by the employer after the employee has filed a workers' compensation claim.
Twilley itself makes this apparent when it discusses the meaning of the word "solely" as that word is used in § 25-5-11.1, Ala. Code 1975. In that discussion, the Twilley Court quotes approvingly from the interpretation by the United States Court of Appeals for the Second Circuit of similar language found in the Rehabilitation Act of 1973, which prohibits discrimination against a person "solely by reason of his handicap":
 "`[A]lthough the plaintiff has the ultimate burden of proving by a fair preponderance of the evidence that the defendant discriminated against him on the basis of an impermissible factor, he may establish a prima facie case by proving that he applied for a position for which he was qualified and was rejected under circumstances indicating discrimination on the basis of an impermissible factor. The burden then shifts to the defendant to rebut the presumption of discrimination by coming forward with evidence that the plaintiff was rejected for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for impermissible discrimination.'"
Twilley, 536 So.2d at 1369 (quoting Doe v. New York University,666 F.2d 761, 776 (2d Cir. 1981)) (emphasis added). The "circumstance" of being fired after having filed a workers' compensation claim creates the inference that the employee was terminated because of the workers' compensation claim, establishing the prima facie case.
I agree that a plaintiff has the ultimate burden of proving by substantial evidence that he was fired because he filed a workers' compensation claim, but that is an issue for the jury. Section 25-5-11.1
states the ultimate issue in a retaliatory-discharge case: "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits." (Emphasis added.) To prevail in such a case the plaintiff must ultimately prove to the jury that he was discharged because he filed a workers' compensation claim.
However, the presentation of the prima facie case need only be sufficient to raise a genuine issue of material fact and necessitate a response from the defendant. Providing the elements for retaliatory discharge given in Dunn accomplishes this task. That does not mean that evidence sufficient to establish those elements will be the only evidence presented by the plaintiff. Indeed, as has already been stated in the cases cited above, after the plaintiff presents a prima facie case, the employer may respond by giving legitimate reasons for the employee's termination. According to our cases, if those reasons are not refuted, summary judgment will be entered for the defendant. However, if the plaintiff responds by presenting substantial evidence that the stated reasons for termination are a pretext, then the case should be sent to the jury.
Aldridge established a prima facie case, showing that he had an employment relationship with APCo, that he was injured on the job, that he filed a claim for workers' compensation benefits, and that he was subsequently terminated by APCo. APCo presented several reasons for Aldridge's termination from APCo's employment, thus requiring Aldridge to present substantial evidence showing that the stated reasons were not the actual reasons for his discharge. "[S]ubstantial evidence is evidence of such weight and quality that *Page 573 
fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The majority further evaluated the facts relative to Aldridge's termination, an exercise best left to the jury. It was shown that Aldridge was less than truthful with his employer; nevertheless, Aldridge attempted to explain those misrepresentations. The real reasons for the termination are best left to the jury. As the Court observed inCulbreth, "[a]n employer could almost always say either `we hired someone to take your place,' or `we no longer have enough business to continue your employment.' Thus, we think a jury question is presented as to whether [the employer's] asserted reason is a legitimate one or only a pretext." Culbreth, 599 So.2d at 1123.
More troubling though than the majority's conclusion on the facts in this case is its rewriting the requirements for establishing a prima facie case of retaliatory discharge. Few employers will provide a direct causal connection between an employee's discharge and the employee's filing of a workers' compensation claim, thus making circumstantial evidence critical in a retaliatory-discharge case. Whether that evidence proves what § 25-5-11.1 requires is a determination best left to the jury, but requiring proof of a causal connection at the initial stage of the case will keep many such cases from ever going to a jury. The statute does not demonstrate that the Legislature intended that requirement, nor does such an interpretation square with our traditional rule of construing the workers' compensation statutes liberally. For these reasons, I dissent.