Rel: June 21, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2024-0235
_____

**Kourtney Vaughn**

**v.**

**Outokumpu Stainless USA, LLC**

**Appeal from Mobile Circuit Court**
**(CV-19-903290)**

SELLERS, Justice.

AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(A), Ala. R. App. P.

Shaw, Wise, Bryan, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Parker, C.J., dissents, with opinion.

PARKER, Chief Justice (dissenting).

I respectfully dissent from the Court's affirmance in this retaliatory-discharge case brought under the Alabama Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975. In my opinion, Kourtney Vaughn, the appellant, persuasively argues that the requirement in our precedent that an employee bringing a retaliatory-discharge action show an "on-the-job injury" is dicta. Furthermore, it appears to me that this requirement comes not from the retaliatory-discharge statute but from persuasive precedent from foreign jurisdictions. By affirming the decision of the trial court, the Court fails to correct a significant error in statutory interpretation.

According to the facts before us, Vaughn, an employee of Outokumpu Stainless USA, LLC ("OTK"), was hospitalized for debilitating migraines. While she was in the hospital, OTK informed her that she was running out of protected leave. On October 25, 2019, Vaughn spoke to the human-resources personnel of OTK and asked about filing for workers' compensation benefits. On October 28, Vaughn returned to work. Two days later, OTK fired her.

On December 16, 2019, Vaughn filed a complaint in the Mobile Circuit Court for workers' compensation benefits. On September 12, 2022, Vaughn filed an amended complaint alleging retaliatory discharge under § 25-5-11.1, Ala. Code 1975, a part of the Act.

After a bench trial, the trial court found in its "Findings of Fact and Conclusions of Law" that Vaughn's migraines were not caused by cumulative trauma. In the same document, the trial court found that, if there had been proof of an on-the-job injury, the court would have entered judgment in Vaughn's favor. The trial court found OTK's witnesses' testimony "concerning Vaughn's termination [to be] inconsistent, incredible and actionable as retaliation." However, because there was no finding of an "on-the-job injury," the trial court ruled against Vaughn. Vaughn appealed to this Court.

Section 25-5-11.1, Ala. Code 1975, provides:

"No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under [the Act] or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."

4

There is no requirement of an "on-the-job injury" in the statute's text. This Court has held that workers' compensation statutes "should be liberally construed in favor of the employee in order to advance and effectuate their beneficent purposes." Culbreth v. Woodham Plumbing Co., 599 So. 2d 1120, 1123 (Ala. 1992).

In 2000, this Court purported to apply what it called a "new rule" for establishing a prima facie case of retaliatory discharge:

> "[U]nder the new rule expressed in Bleier [v. Wellington Sears Co., 757 So. 2d 1163, 1171 (Ala. 2000)], a trial court, in deciding whether to enter a summary judgment against the employee in a retaliatory-discharge case, should view all evidence in the light most favorable to the employee and ask whether the employee has shown: (1) an employment relationship; (2) an on-the-job injury; (3) notice to the employer of the on-the-job injury; and (4) subsequent termination of employment."

Dunn v. Comcast Corp., 781 So. 2d 940, 943 (Ala. 2000) (emphasis added). Upon closer inspection, however, those elements were unnecessary to decide the case in Dunn. In Dunn this Court held that a plaintiff was not required to show, as part of his prima facie case, that he was "willing and able" to work. Id. Although Dunn purports to be applying a "new rule expressed" in Bleier v. Wellington Sears Co., 757 So. 2d 1163 (Ala. 2000), id.," those elements appear to be drawn from the Wyoming Supreme

5

Court, which was itself adopting a test from Oklahoma Supreme Court precedent. See Bleier, 757 So. 2d at 1171 (quoting Cardwell v. American Linen Supply, 843 P.2d 596, 599-600 (Wyo. 1992), quoting in turn Buckner v. General Motors Corp., 760 P.2d 803, 806-07 (Okla. 1988)). In fact, Bleier, for its part, did not purport to establish a new test but, rather, relied on decisions from foreign jurisdictions as persuasive precedent to show why there should be no "willing and able" requirement in the prima facie case. Id. at 1172. Because the "on-the-job injury" requirement was not necessary to the disposition of the case, I believe that it was dicta and therefore not binding. See Ex parte Williams, 838 So. 2d 1028, 1031 (Ala. 2002) ("obiter dictum is, by definition, not essential to the judgment of the court which states the dictum").

Before the Court unnecessarily imported the four elements from a decision from a foreign jurisdiction in Bleier and Dunn, the Court had simply held that "an employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover worker's compensation benefits." Twilley v. Daubert Coated Prods., Inc., 536 So. 2d 1364, 1369 (Ala. 1988); see also Coastal

Lumber Co. v. Johnson, 669 So. 2d 803, 809 (Ala. 1995); Culbreth, 599 So. 2d at 1122.

Although this Court occasionally had made reference to a prima facie case being established when an employee provided proof that he "had filed a workers' compensation claim for a work-related injury" and that the injury had "prevented him from working for a period of time," [see, e.g., Graham v. Shoals Distrib., Inc., 630 So. 2d 417, 418 (Ala. 1993),] those cases merely held that a prima facie case may be proven by showing an injury, an attempt to claim workers' compensation benefits, and subsequent termination. Indeed, those cases reaffirmed the Twilley standard. Id. Even after Dunn, this Court has never decided a case that turned on the "on-the-job injury" requirement. See, e.g., Ex parte Isbell, 153 So. 3d 8, 22 (Ala. 2013) (holding that the lower court incorrectly applied and interpreted the causation element); Falls v. JVC Am., Inc., 7 So. 3d 986, 990 (Ala. 2008) (expressly holding that "[w]e will not elaborate on the second and third prongs of the [four-part] test, because resolution of those issues is not necessary to the resolution of this case"); Blue Circle Cement Inc. v. Phillips, 989 So. 2d 1025, 1039 (Ala. 2007) (holding that it is necessary to show that termination is "solely because" of a workers'

7

compensation claim); Tyson Foods, Inc. v. McCollum, 881 So. 2d 976, 983 (Ala. 2003) (holding that there is "no substantial evidence indicating that [the employer's] termination of [the employee] had anything to do with [the employee's] having received workers' compensation benefits …."); Alabama Power Co. v. Aldridge, 854 So. 2d 554, 569-70 (Ala. 2002) (holding that there is a sole-causation requirement); Dunn, 781 So. 2d. at 943 (holding that a plaintiff did not need to show as part of his prima facie case that he is "willing and able" to return to work); Bleier, 757 So. 2d at 1171 (holding that there is no "willing and able" requirement). Because the "on-the-job injury" requirement has never been essential to the disposition of a retaliatory-discharge case under the Act, I believe that it continues to be dicta. See Williams, 838 So. 2d at 1031.

The Court of Civil Appeals, accurately interpreting the text of § 25-5-11.1 in Cleckler v. A & C Air Conditioning & Heating, Inc., 820 So. 2d 830, 836 (Ala. Civ. App. 2001), held that a retaliatory-discharge claim should not be dismissed because of a finding that "that [the plaintiff's] injuries did not arise out of and in the course of his employment." The Court of Civil Appeals held that, under the text of the statute and the Twilley rule, there was "no requirement that an employee be successful

in his claim for workers' compensation benefits." Id. Although this Court is not bound by the decisions of the Court of Civil Appeals, I believe that Cleckler interprets § 25-5-11.1 better than Dunn and its progeny.

Elements (1), (3), and (4) of the Dunn test, together, could be interpreted as merely a restatement of the Twilley rule and are thus logically derivable from the statutory text. However, as interpreted by the trial court, the "on-the-job injury" requirement places a burden on the plaintiff that cannot be derived from the text of § 25-5-11.1. The trial court's confusion, in turn, was caused by our judicially created rule that cannot be found in or logically deduced from the statute. The unfortunate side effect of this judicially created rule is the denial of otherwise meritorious claims.

As I have previously noted, "'the courts are not at liberty … to read into [a statute] and interpolate words which do not appear in the language enacted by the Legislature.'" Ex parte E.R.G., 73 So. 3d 634, 649 (Ala. 2011) (quoting McCall v. Automatic Voting Mach. Corp., 236 Ala. 10, 13, 180 So. 695, 697 (1938)) (emphasis omitted). If the Legislature wishes to create a new element of a retaliatory-discharge claim, it is free to amend the statute.

For these reasons, I believe that the trial court's interpretation of § 25-5-11.1 is incorrect. Because our precedents have created confusion, this Court should issue an opinion that clarifies and corrects this error. Therefore, I respectfully dissent.